Alam v. Barr

BIA
A073 543 677

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand nineteen.

PRESENT:
        PETER W. HALL,
        JOSEPH F. BIANCO,
        MICHAEL H. PARK,
            *Circuit Judges.*

_____

NURUL ALAM,
        *Petitioner,*

        v.                                          18-1688
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Nurul Alam, pro se, Bronx, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Janice K.
                         Redfern, Senior Litigation
                         Counsel; Gerald M. Alexander,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nurul Alam, a native and citizen of Bangladesh, seeks review of a May 8, 2018, decision of the BIA denying his third motion to reopen. *In re Nurul Alam,* No. A 073 543 677 (B.I.A. May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Alam's petition for review. Because Alam has filed his merits brief, however, we treat the Government's motion as a response to that brief and deny the petition.

Alam argues that the BIA erred in not reviewing the legal and factual issues raised in the immigration judge's adverse credibility determination. But Alam cannot challenge the agency's underlying adverse credibility determination at this stage because his petition is timely only as to the BIA's denial of his motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (noting that we are precluded from

2

reviewing underlying removal order on petition for review of denial of motion to reopen).

To the extent that Alam challenges the denial of reopening, his brief reiterates that changed country and personal conditions both excuse his untimely filing and warrant a grant of asylum. We review the denial of a motion to reopen for abuse of discretion. *Id.* It is undisputed that Alam's 2017 motion to reopen was untimely and number barred because it was filed more than 14 years after the BIA's original decision affirming the adverse credibility determination and it was his third motion to reopen with the BIA. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (providing that movant may file one motion to reopen and setting 90-day deadline for motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same). However, the time and number limitations do not apply if reopening is sought to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous

3

proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in declining to reopen on the ground that the alleged changed conditions were not material. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). The record reflects that the BIA acknowledged the alleged conditions—that political unrest endangered political leaders in Bangladesh—but reasonably concluded that those allegations did not meet the high burden for reopening given the prior determination that Alam's claim of membership in a political opposition party was not credible. *See Qin Weng Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (reasoning that BIA may rely on underlying adverse credibility determination to deny motion to reopen). Alam made no effort to counter the adverse credibility determination as he did not submit any documentary evidence regarding his political activity, his purported criminal charges, or any of the alleged incidents of past persecution.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Government's motion for summary denial and Alam's motion for a stay of

4

removal are DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

5